UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-313-FDW

| MAURICE L. STROUD, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| JOSH STEIN, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court upon Petitioner's Motion to Proceed In Forma Pauperis ("IFP") (Doc. No. 6), which he has filed in connection with a pro se Petition for Writ of Habeas Corpus, 28 U.S.C. § 2254 (Doc. No. 1). Federal law requires a petitioner seeking habeas review of his state conviction and/or sentence in federal district court pay a $5.00 filing fee or be granted leave to proceed without prepayment of fees and costs. See 28 U.S.C. §§ 1914, 1915(a).

On September 16, 2004, Petitioner pled guilty in Mecklenburg County Superior Court to second degree murder, second degree kidnapping, and robbery with a dangerous weapon. (Pet. 1, Doc. No. 1.) He was sentenced pursuant to a plea agreement to consecutive sentences of 251-311 months for second degree murder, 133-169 months for second degree kidnapping, and 117-150 months for robbery with a dangerous weapon. See State's Resp. to Pet'r's July 14, 2015 Pet. for Writ of Cert. in the N. C. Court of Appeals, State v. Stroud, No. P15-387 (N.C. Ct. App. filed July 27, 2015), available at the North Carolina Supreme Court and Court of Appeals Electronic Filing Site and Document Library, https://ncappellatecourts.org/.

On December 11, 2015, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court. See Stroud v. Albermarle Correctional, 3:15-cv-00608-FDW

1

(W.D.N.C.), Doc. No. 1. It was dismissed as untimely on August 25, 2016. Id. at Doc. No. 6. His appeal was dismissed by the Fourth Circuit Court of Appeals for failure to prosecute. Id. at Doc. No. 11.

On September 19, 2016, Petitioner filed a second § 2254 habeas petition in this Court, challenging his 2004 judgment. Stroud v. Clelland, 3:16-cv-00677-FDW (W.D.N.C.), Doc. No. 1. When Petitioner failed, after two deficiency notices, to pay the $5.00 filing fee or file a motion to proceed in forma pauperis, the Court dismissed the Petition without prejudice. Id. at Doc. No. 3. His appeal of that matter also was dismissed by the Fourth Circuit for failure to prosecute. Id. at Doc. No. 14.

On March 13, 2017, Petitioner filed a motion in the Fourth Circuit for authorization to file a successive application for post-conviction relief, see 28 U.S.C. § 2244(b)(3)(A) In re: Maurice L. Stroud, No. 17-167 (4th Cir.), Doc. No. 1. Instead of waiting for the Fourth Circuit to rule on the motion, on March 30, 2017, Petitioner filed another § 2254 habeas petition in this Court, raising the same grounds as those raised in his previous habeas petitions. Stroud v. Hooks, 3:17-cv-00174-FDW (W.D.N.C.), Doc. No. 1. On April 4, 2017, the Fourth Circuit denied Petitioner's motion for authorization to file a successive habeas petition, id. at Doc. No. 4, and on April 11, 2017, this Court dismissed Petitioner's § 2254 habeas petition as unauthorized, id. at Doc. No. 5. Petitioner did not appeal the Court's judgment.

On June 1, 2017, Petitioner filed another unauthorized, successive habeas Petition. See Stroud v. Stein, No. 3:17-cv-301-FDW (W.D.N.C.), Doc. No. 1. On June 9, 2017, Petitioner filed the instant action. (Doc. No. 1.) As with all of his previous habeas petitions, Petitioner challenges his 2004 judgments and raises the same grounds for relief. Once again, he has failed to obtain authorization from the Fourth Circuit to file a successive § 2254 petition.

2

Petitioner's practice of filing repetitive, unauthorized habeas petitions is abusive and should not be encouraged by allowing him to file free-of-charge. Consequently, the Court shall deny Petitioner's IFP Motion and order the Clerk of Court to close this action. Petitioner may refile his § 2254 Petition only if he prepays the entire $5.00 filing fee or obtains authorization from the Fourth Circuit Court of Appeals to file a successive habeas petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Proceed In Forma Pauperis (Doc. No. 6) is **DENIED**;

2. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DISMSSED without prejudice**;

3. The Clerk of Court shall close this action and terminate any outstanding motions; and

4. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: July 10, 2017

Frank D. Whitney
Chief United States District Judge